﻿Citation Nr: AXXXXXXXX
Decision Date: 07/25/19 Archive Date: 07/24/19

DOCKET NO. 181224-4313
DATE: July 25, 2019

ORDER

Readjudicating the claim for service connection for depression is warranted.

Service connection for adjustment disorder with missed anxiety and depressed mood, to include as secondary to service-connected left strain with insertional cyst at patella, right knee strain, is granted.

FINDINGS OF FACT

1. New evidence was received after the December 2014 denial that is relevant to the issue of service connection for depression.

2. Competent evidence indicates the Veteran’s depression, diagnosed as adjustment disorder with missed anxiety and depressed mood, is secondary to his service-connected left strain with insertional cyst at patella, right knee strain.

CONCLUSIONS OF LAW

1. The criteria for readjudicating the claim for service connection for depression have been met. Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, § 5108, 131 Stat. 1105 (2017).

2. The criteria for service connection for depression, to include as secondary to service-connected left strain with insertional cyst at patella, right knee strain, are met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.303, 3.310(b), 3.304(f).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty in the United States Army from September 2003 to September 2007. The rating decision initially on appeal was issued in December 2014. In May 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (codified at 38 C.F.R. § 19.2 (d)). The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. In August 2018, the Agency of Original Jurisdiction (AOJ) issued a RAMP rating decision considering the evidence of record as of the date the RAMP election form was received by VA. The Veteran timely appealed the August 2018 RAMP rating decision to the Board and requested direct review of the evidence considered by the AOJ.

The new and material evidence issue regarding depression has been recharacterized to reflect the new evidentiary standard under the AMA. Pub. L. No. 115-55, § 5108, 131 Stat. 1105, 1109.

 

New and relevant evidence 

Historically, a December 2014 rating decision denied the Veteran’s claim for service connection for depression, stating that there was no evidence of record showing the Veteran had been diagnosed with or treated for depression. The Veteran did not appeal the decision and it is now final. 38 U.S.C. § 7104.

Under the AMA, to readjudicate a final decision, new and relevant must be received. New evidence is evidence not previously submitted to agency decision makers. Relevant evidence is evidence that "tends to prove or disprove a matter in issue." VA Claims and Appeals Modernization, 84 Fed. Reg. 138, 172 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). 

Upon review, the Board finds that the Veteran submitted new evidence after the prior final rating decision that is relevant to his claim. The Veteran submitted a private medical nexus opinion in April 2018, after the December 2014 prior final legacy rating decision. The opinion was not already of record and may prove or disprove the nexus element of the claim for service connection for depression. Readjudication of the claim is warranted.

Service connection 

Service connection may be granted for a disability resulting from disease or injury incurred coincident with or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303 (a). Establishing direct service connection generally requires competent evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

A disability which is proximately due to or the result of a service-connected disease or injury shall be service-connected. 38 C.F.R. § 3.310(a). Any increase in severity of a nonservice-connected disease or injury that is proximately due to or the result of a service-connected disease or injury, and not due to the natural progress of the nonservice-connected disease, will also be service-connected. 38 C.F.R. § 3.310(b).

The record reflects a current diagnosis of other specified trauma and stressor related disorder, adjustment-like disorder with prolonged symptom duration, as confirmed by a VA examination dated April 2018.

Service treatment records are silent for any complaints, symptoms, treatment, or diagnoses of major depressive disorder. However, the Veteran contends that his major depressive disorder is aggravated beyond its natural progression by service-connected disabilities. See 38 C.F.R. § 3.310. 

The Veteran submitted a medical opinion from Dr. M.M., a VA psychiatrist, dated February 2018. The examiner reviewed the claims file, interviewed the Veteran, and diagnosed other specified trauma and stressor related disorder, adjustment-like disorder with prolonged symptoms duration. The examiner opined that the Veteran’s current mental health condition of other specified trauma and stressor related disorder, adjust -like disorder with prolonged symptoms duration is more likely than not (more than a 50 percent probability) a continuation of, related to, secondary to his military service and is more likely than not aggravated by the current impact of his military service connected left strain with insertional cyst at patella, right knee strain. 

As rationale, he discussed the Veteran’s reported symptoms and their impact on his depression. He noted that the Veteran’s symptoms are aggravated by the deterioration of his service connected knee condition. He further noted the Veteran reports of constant worry about his pain interfering with his ability to focus, thus making a mistake and being perceived as unfit for the job. According to the examiner, these symptoms cause clinically significant distress and impairment in the Veteran’s family, social and occupational functioning. 

After careful review, the Board finds that the most probative evidence is at least in relative equipoise as to the claim of entitlement to service connection for major depressive disorder.

The January 2019 VA examiner found that it is at least as likely as not that major depressive disorder is aggravated by his service connected left strain with insertional cyst at patella, right knee strain. As the examiner reviewed the claims file and provided a cogent opinion consistent with his expertise as a medical professional, the Board finds his opinion to be of significant probative weight. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

Based on the foregoing, the Board finds that the competent, credible, and probative evidence is at least in equipoise as to whether the Veteran’s depression is related to his active service. Therefore, resolving reasonable doubt in the Veteran’s favor, the Board finds that service connection is warranted. See Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990). 

 

JOHN Z. JONES

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A. Asare, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.